## GOUCHER *v.* JAMIESON.

1 ASSAULT AND BATTERY—PROVOCATION—INSTRUCTIONS.
   In an action for assault and battery, which defendant sought to justify by an opprobrious epithet applied by plaintiff to defendant's son, an instruction that mere words, though insulting, do not justify an assault and battery, and that no assault is justified, unless for some assault by the other party, was proper.

2. SAME—DAMAGES—INJURY TO FEELINGS.
   Injury to feelings was a proper element of the damages recoverable in such action.

Error to Wayne; Frazer, J.   Submitted April 11, 1900. Decided May 2, 1900.

Trespass *vi et armis* by George B. Goucher against James Jamieson.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*John G. Hawley*, for appellant.

*Edward M. Vining* (*J. Emmet Sullivan*, of counsel), for appellee.

HOOKER, J.   The defendant has appealed from a verdict and judgment of $65 recovered by the plaintiff in a suit for assault and battery.   The battery was not disputed, but the defendant claims that it was provoked by language used by the plaintiff derogatory to the defendant's son, who appears to have picked some berries upon the plaintiff's land.   The plaintiff spoke to the defendant about it, and admits that defendant said, "Do you call my son a thief?" while it is claimed upon the part of the defendant that plaintiff said, "Your boy Tom is a thief," before any blows were struck.

A number of questions were raised upon the introduc-

tion of evidence. We have examined them, and think it unnecessary to say more than that they do not call for a reversal of the case.

The court instructed the jury that mere words, though insulting, do not justify an assault and battery, and that "no assault is justified, unless by some assault performed by the other party." He also said, "The plaintiff would be entitled to recover such damages as he suffered on account of his feelings being hurt," etc. The instructions given were, in our opinion, proper, under the circumstances of the case.

The judgment is affirmed.

The other Justices concurred.